UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CONSUMER FINANCIAL PROTECTION
BUREAU,

       Plaintiff,

       v.

JAMES R. CARNES,
MELISSA C. CARNES,
JAMES R. CARNES AS CO-TRUSTEE OF
THE JAMES R. CARNES REVOCABLE
TRUST DATED FEBRUARY 10, 2010,
MELISSA C. CARNES AS CO-TRUSTEE OF
THE JAMES R. CARNES REVOCABLE
TRUST DATED FEBRUARY 10, 2010,
JAMES R. CARNES AS CO-TRUSTEE OF
THE MELISSA C. CARNES REVOCABLE
TRUST DATED FEBRUARY 10, 2010, and
MELISSA C. CARNES AS CO-TRUSTEE OF
THE MELISSA C. CARNES REVOCABLE
TRUST DATED FEBRUARY 10, 2010,,

       Defendants.

Case No. 23-cv-2151-DDC-TJJ

## ORDER REGARDING PROTECTIVE ORDER DISPUTE

On August 29, 2023, the parties submitted a jointly proposed Protective Order limiting the disclosure, dissemination, and use of Confidential Information but dispute whether Defendants' private financial information and the identities of consulting clients should be included as protected categories.[1] As explained below, the Court will enter the parties' proposed protective order, revised to include Defendants' "bank statements and tax returns, including all

---

[1] The parties' Protective Order Dispute with their positions and arguments is filed as an attachment to this Order.

schedules filed with the returns," and "the identities of the clients for which Carnes and/or Carnes' consulting business performs or has performed services," as protected categories of Confidential Information.

I.     **Disputed Protective Order Category – Defendants' Private Financial Information**

Defendant Melissa C. Carnes argues the protective order should include Defendants' "private financial information" as a category of protected Confidential Information because without the protection of a confidential designation, there is nothing keeping Plaintiff from publishing to the world, or discussing in future press releases, the details of each of Defendants' bank accounts (albeit with redacted account numbers), tax statements, and other private financial information. She further points out that the requirements for treating documents as confidential under a protective order are not analogous with a motion to seal. She alternatively requests, at a minimum, bank statements and tax documents be treated as confidential under the protective order.

Plaintiff opposes including "private financial information" or "financial documents" within the protections of the protective order because those terms do not narrowly tailor the universe of documents, nor do they make clear what narrowly tailored information Defendants are seeking to protect. Moreover, Plaintiff contends Defendants' request is unnecessary as the existing protections under the Federal Rules of Civil Procedure are sufficient to protect Defendants' private financial information. For example, certain private information contained in a document that a party would file must already be redacted as required by Rule 5.2—including social security or taxpayer identification numbers and financial account numbers. Plaintiff further argues the protective order currently requires a party to redact the confidential information prior to publicly filing a designated document. Thus, for the private financial

information at issue in this case, Plaintiff maintains the designation would be redundant.

The Court agrees with Plaintiff that the disputed protective order term "private financial information" is too vague and uncertain in application and finds Defendant Melissa Carnes has not shown good cause for this broad category of confidential documents and information. The Court, however, finds Defendant Melissa Carnes has shown good cause for extending the protections of the parties' proposed protective order to some more narrowly tailored categories of Defendants' private financial information. Defendant Melissa Carnes has argued that at a minimum her bank statements and tax documents should be treated as confidential under the protective order. Although the category "tax documents" would also be too vague, the Court finds Defendant Melissa Carnes has sufficiently shown potential harm resulting from the disclosure and/or use outside this litigation of Defendants' private bank statements and tax returns, including all schedules filed with the returns, so that they should be treated as "Confidential Information" under the protective order. Mere redaction of social-security numbers, birthdates, minor names, and financial-account numbers, as required by Fed. R. Civ. P. 5.2(a), would not prevent the harm from public disclosure or use outside this litigation of other information available on these private financial records. The Court will therefore enter the parties' proposed protective order, revised to include Defendants' "bank statements and tax returns, including all schedules filed with the returns," as a protected category of Confidential Information.

**II.     Disputed Protective Order Category - Identities of Defendants' Consulting Clients**

Defendant James R. Carnes argues that information concerning the identity of his consulting clients and income from those sources is confidential and the provisions of the Protective Order entered in *Consumer Financial Protection Bureau v. Integrity Advance, LLC*, D. Kan. Case 21-mc-206-DDC-TJJ ("Judgment Enforcement Action") should carry over to this case to protect such confidential information. Plaintiff objects to the incorporation of the provisions from the protective order entered in the judgment enforcement action (Case 21-mc-206-DDC-TJJ).

The Court agrees with Defendant James R. Carnes that "the identities of the clients for which Carnes and/or Carnes' consulting business performs or has performed services" should be included as a protected category of Confidential Information in the protective order entered in this case. The Agreed Protective Order entered in the Judgement Enforcement Action, which was agreed to by Plaintiff, included the identities of consulting clients as the *only* category of protective information.[2]  The provisions of that Agreed Protective Order are still in effect, and the Court finds no reason to exclude this specific category in the protective order entered in this related case.  The Court will therefore enter the parties' proposed protective order, revised to include "the identities of the clients for which Carnes and/or Carnes' consulting business performs or has performed services," as a protected category of Confidential Information.

IT IS SO ORDERED.

Dated September 15, 2023, at Kansas City, Kansas.

---

[2] *See* March 1, 2022 Agreed Protective Order (ECF No. 41) § 2 filed in *Consumer Financial Protection Bureau v. Integrity Advance, LLC*, D. Kan. Case 21-mc-206-DDC-TJJ ("For purposes of this Order, the parties will limit their designation of "Confidential Information" to the identities of the clients for which Carnes and/or Carnes' consulting business performs or has performed services.").

_Teresa J. James_

Teresa J. James
U. S. Magistrate Judge