UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Plaintiff, <br><br> v. <br><br> JAMES R. CARNES, et al., <br><br> Defendants. | Case No. 23-cv-2151-DDC-TJJ |

### ORDER STAYING DISCOVERY ORDER PENDING REVIEW OF OBJECTIONS BY DISTRICT JUDGE

This matter is before the Court on Defendants' Motion to Stay (ECF No. 145). Pursuant to D. Kan. Rule 72.1.4(d), Defendants request a stay of the portion of the March 11, 2024 Memorandum and Order (ECF No. 138) ("Discovery Order") requiring them to produce nine attorney-client privileged documents. Defendants seek a brief stay until the District Judge resolves their Objections to Magistrate Judge's Order Regarding CFPB's Motion to Compel Production of Attorney-Client Privileged Documents (ECF No. 144) ("Objections"), which they filed contemporaneously with this motion to stay. As explained below, the Court grants the motion.

On March 11, 2024, the undersigned Magistrate Judge issued the Discovery Order granting in part and denying in part Plaintiff's Motion to Compel Defendants' Discovery Responses. Pertinent here, the Court found all three prongs of the *Hearn* "at-issue" waiver test were satisfied for the nine estate planning communications listed on Defendants' privilege logs, and Defendants had therefore waived their attorney-client privilege with respect to those documents. Defendants were ordered to produce the documents no later than March 22, 2024. Defendants filed their Objections and this Motion to Stay on March 22, 2024.

District of Kansas Rule 72.1.4(d) requires that an "[a]pplication for stay of a magistrate judge's order pending review of objections must first be made to the magistrate judge." Such stays are discretionary, are not a matter of right, and "should not be entered simply because review has been requested."[1] However, neither Fed. R. Civ. P. 72, nor D. Kan. Rule 72.1.4 sets forth specific criteria that the magistrate judge should consider in deciding whether to grant a stay of an order pending review by the district judge, so "judges in this district have applied the criteria used in evaluating discretionary stays in other contexts."[2] Generally, when reviewing the application for stay, the court "assesses the movant's chances for success on appeal and weighs the equities between the parties."[3] Under this analysis, the court considers factors such as: "(1) the likelihood the movant will prevail on review; (2) irreparable harm to the movant if the magistrate judge does not issue a stay; (3) substantial harm to the other party if the magistrate judge stays the order; and (4) public interests implicated by a stay."[4]

Defendants argue a brief stay of the Discovery Order is warranted under these factors. Most significantly, they will suffer irreparable harm if a stay is not granted and they are required to produce the privileged documents before the District Judge rules on their Objections. They argue that once they produce the privileged documents to Plaintiff, it will learn the contents of those privileged communications and that knowledge cannot be undone. Conversely, a brief stay will not irreparably harm Plaintiff because, even if the District Judge overrules Defendants' Objections,

---

[1] *Mannell v. Kawasaki Motors Corp.*, No. 89-4258-R, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991).

[2] *Marksberry v. FCA US LLC*, No. 19-2724-EFM, 2021 WL 2311916, at *1 (D. Kan. June 7, 2021).

[3] *Id.* (citing *Mannell*, 1991 WL 34214, at *3).

[4] *KPH Healthcare Servs., Inc. v. Mylan, N.V.*, No. 2:20-CV-02065-DDC-TJJ, 2022 WL 16527244, at *1 (D. Kan. Oct. 28, 2022).

Plaintiff will still have ample time to review the nine documents before the close of discovery. Defendants point out that Plaintiff deposed Ms. and Mr. Carnes on April 3 and 4, 2024, respectively, using the entire time allotted under the Federal Rules for Ms. Carnes' deposition and all but 20 minutes of the time allotted for Mr. Carnes' deposition. Finally, Defendants argue the Discovery Order and Objections raise significant questions about "at issue" waiver of attorney-client privilege and thus public interest supports a stay to preserve Defendants' privilege while the District Judge resolves these important issues.

Plaintiff opposes the requested stay of the Discovery Order, arguing on balance the factors weigh against granting a stay. It argues Defendants are not likely to prevail on their Objections under the applicable standard of review because they cannot show that the Order was clearly erroneous or contrary to law. Plaintiff also argues that any harm suffered by Defendants if their Objections are sustained would not be irreparable because the Court could order curative measures such as ordering Plaintiff not to use the privileged documents or any deposition testimony elicited regarding them. Plaintiff instead claims it will suffer substantial harm if a stay is granted. A stay will further delay discovery and disrupt the schedule and scope of work for expert discovery—likely at a significant cost.

Having considered the parties' arguments and the applicable factors, the Court finds the factors weigh in favor of granting Defendants' motion to stay the Discovery Order until the District Judge rules on their Objections. The most significant factor is the likelihood of irreparable harm to Defendants that will result if no stay is granted and the District Judge ultimately rules in their favor. If the stay is denied and Defendants are required to produce the nine estate planning documents they claimed are shielded from discovery as attorney-client privileged, Plaintiff will learn information and the content of those documents. In the event the District Judge ultimately

3

rules in Defendants' favor on their Objections, mere return of the disclosed privileged documents to Defendants cannot erase or eliminate all the information and knowledge Plaintiff likely learned from reviewing those documents. Plaintiff acknowledges that Defendants would suffer some "modicum of harm" from producing the privileged documents and their Objections are sustained, but argues any such harm is not irreparable because the Court could simply order Plaintiff to not use documents or any testimony elicited therefrom, suggesting a situation akin to a clawback of inadvertently disclosed privileged documents. However, the Court finds there would still be a notable risk these potential measures suggested by Plaintiff would not cure the harm to Defendants. In contrast, any harm to Plaintiff by delaying Defendants' production of just nine privileged documents would be relatively short and cured much easier. Finally, as Defendants point out, the attorney-client privilege is one of the oldest recognized privileges in American jurisprudence and serves a critical role in the legal system. Defendants' Objections raise important issues regarding at-issue privilege waiver in this District. Therefore, the Court concludes most of the factors weigh in favor of a stay of the Discovery Order until the District Judge rules on Defendants' Objections.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (ECF No. 145) is granted. The portion of the Discovery Order (ECF No. 138) requiring Defendants to produce nine estate planning communications claimed as attorney-client privileged[5] is hereby stayed pending a ruling by District Judge Daniel D. Crabtree on Defendants' Objections to Magistrate Judge's Order Regarding CFPB's Motion to Compel Production of Attorney-Client Privileged Documents (ECF No. 144).

---

[5] The specific documents ordered to be produced are identified in the Section V of the Discovery Order, ECF No. 138, at 18–19.

IT IS SO ORDERED.

Dated April 10, 2024, at Kansas City, Kansas.

                                                Teresa J. James
                                                U. S. Magistrate Judge